IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKEY WAYNE TOLBERT, JR., )
)
              Petitioner, )
)
v. )   Case No. 24-3125-JWL
)
C. CARTER, Warden, FCI-Leavenworth, )
)
              Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed *pro se* an amended petition for habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the calculation of his release date.[1] For the reasons set forth below, the Court **denies** the petition.

Petitioner has now sought to litigate the calculation of his release date by the Bureau of Prisons (BOP) through four different habeas petitions under Section 2241. In 2015, the United States District Court for the Western District of Louisiana denied petitioner's habeas petition by which he sought credit for time previously served on state sentences. *See Tolbert v. Warden*, 2015 WL 110594 (W.D. La. Jan. 7, 2015). After petitioner later

---

[1] By his original petition in this action, petitioner challenged his sentence as excessive. Because such a claim may not be raised by habeas petition under Section 2241, the Court ordered petitioner to show cause why the petition should not be dismissed. Petitioner responded by filing an amended petition in which he challenges only the calculation of his release date by the Bureau of Prisons. Respondent filed an answering brief, and petitioner then notified the Court that he would not be filing a traverse. The matter is therefore ripe for ruling.

raised the issue again through the administrative claims process, the BOP sought and received direction from petitioner's sentencing court, which ordered that petitioner's federal sentence was intended to run concurrently with later-imposed state sentences, and the BOP calculated petitioner's release date accordingly. Petitioner again challenged the BOP's calculation by filing a habeas petition under Section 2241 in this Court. The Court, after soliciting additional briefs and after considering petitioner's many submissions, denied the petition, ruling in a lengthy opinion that the BOP had correctly determined the start date for its retroactive designation for service of petitioner's federal sentence;[2] and the Tenth Circuit affirmed the Court's "thorough and well-reasoned order." *See Tolbert v. Hudson*, 2021 WL 1966222 (D. Kan. May 17, 2021) (Lungstrum, J.), *aff'd*, 2021 WL 4932465 (10th Cir. Oct. 22, 2021) (unpub. op.). Petitioner again challenged the BOP's calculation in a habeas petition that was denied – on both procedural grounds and on the merits – by the United States District Court for the Northern District of Florida. *See Tolbert v. Pistro*, 2023 WL 1930014 (N.D. Fla. Jan. 24, 2023), *report and recommendation adopted*, 2023 WL 1928220 (N.D. Fla. Feb. 10, 2023).

In its opinion in petitioner's previous habeas case, this Court noted and applied the standards that govern a successive habeas petition like the one filed here, *see Tolbert*, 2021 WL 1966222, at *4, which standards the Court will again summarize. 28 U.S.C. § 2244(a) provides that a district judge is not required to entertain a habeas petition if the legality of

---

[2] The Court also denied petitioner's motion for reconsideration, in which he again argued for the earlier start date. *See Tolbert v. Hudson*, 2021 WL 2187917 (D. Kan. May 28, 2021) (Lungstrum, J.).

the petitioner's detention has already been determined in proceedings on a prior petition. *See id.* Thus, a federal court is authorized "to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the ends of justice." *See Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010) (footnote and citation omitted). In addition, under the abuse-of-the-writ principle, a court may decline to hear a successive habeas petition "raising a claim that could have been presented in an earlier petition but was not." *See id.* (citation omitted).

In his present amended petition, petitioner argues that 630 days should have been credited against his federal sentence, based on a similar credit applied to a state sentence. The Court addressed and rejected this specific argument in its opinion in the prior habeas case. *See Tolbert*, 2021 WL 1966222, at *11-12. Petitioner appears to rely on an exhibit referencing the credit that he claims was not submitted in the earlier case. Petitioner has not explained, however, how the exhibit alters the Court's previous analysis, in which the Court concluded that the credit could not have altered the start date of the state sentence that then runs concurrently with the federal sentence. *See id.* Thus, reconsidering this claim does not serve the ends of justice, and therefore the Court – acting within its discretion under Section 2244(a) – declines to consider this claim that was adjudicated in prior habeas proceedings.

Petitioner also appears to claim in his amended petition that a 160-day state sentence, which was imposed after the federal sentence, actually ran concurrently with an earlier state sentence, and that his federal sentence should therefore be deemed to have run

3

concurrently with that earlier state sentence as well. The Court declines to consider this claim under the abuse-of-writ principle, as it was available to petitioner to argue in his prior habeas proceedings. Moreover, petitioner has not shown that the claim has merit – as the Court explained in its opinion in the prior case, the federal sentencing court made clear that it did not intend the federal sentence to run concurrently with the prior state sentence. Accordingly, the Court denies the claims raised in the amended petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of September, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge